## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

### CHARLESTON DIVISION

| | | |
|---|---|---|
| **ARTHUR ANTHONY BAXTER,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **Civil Action No. 2:22-00490** |
| | ) | |
| **UNITED STATES OF AMERICA, *et al.*,** | ) | |
| | ) | |
| **Defendants.** | ) | |

### <u>PROPOSED FINDINGS AND RECOMMENDATION</u>

On October 27, 2022, Plaintiff, acting *pro se*,[1] filed a "Petition for Writ of Specific Performance" pursuant to "Federal Rules of Civil Procedure, Rule 7 and 42." (Document No. 1.) As Defendants, Plaintiff names the following: (1) United States of America; and (2) The Internal Revenue Service ("IRS"). (<u>Id.</u>, p. 1.) Citing <u>Scholl v. Mnuchin</u>, Plaintiff argues that "[t]he United States District Court for the Northern District of California ordered the [IRS] to provide inmates 'stimulus monies' totaling three thousand, four hundred dollars ($3,400.00)." (<u>Id.</u>, pp. 1 – 2.) Plaintiff claims that he filed the required tax forms in 2020 and 2021, but he did not know his Social Security Number. (<u>Id.</u>) Plaintiff states that he later provided the "IRS official and certified proof of his identification and Social Security Number from the West Virginia Division of Corrections and Mount Olive Correctional Complex where he is imprisoned." (<u>Id.</u>) Despite the foregoing, Plaintiff argues that the IRS has failed to respond to his requests for "court ordered payment of the 'stimulus monies' owed to him." (<u>Id.</u>) Accordingly, Plaintiff requests that the

---

[1] Because Plaintiff is acting *pro se*, the documents which he has filed in this case are held to a less stringent standard than if they were prepared by a lawyer, and therefore they are construed liberally. *See Haines v. Kerner*, 404 U.S. 519, 520-21, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972).

"Court grant his Petition for Writ of Specific Performance, or otherwise order the respondent to make full payment of three thousand, four hundred dollars ($3,400) with interest, legally owed to petitioner, immediately." (Id.)

As Exhibits, Plaintiff attaches the following: (1) A copy of a letter from Plaintiff to the U.S. Department of Treasury dated August 9, 2021, regarding his "missing EIP-RRC payments from IRS" (Id., p. 3.); and (2) A copy of his 2021 Income Tax Return (Id., pp. 4 – 5.).

## STANDARD

Pursuant to 28 U.S.C. § 1915A, the Court is required to screen each case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. On screening, the Court must recommend dismissal of the case if the complaint is frivolous, malicious or fails to state a claim upon which relief can be granted. A "frivolous" complaint is one which is based upon an indisputably meritless legal theory. Denton v. Hernandez, 504 U.S. 25, 112 S.Ct. 1728, 118 L.Ed.2d 340 (1992). A "frivolous" claim lacks "an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325, 109 S.Ct. 1827, 1831 - 32, 104 L.Ed.2d 338 (1989). A claim lacks an arguable basis in law when it is "based on an indisputably meritless legal theory." Id., 490 U.S. at 327, 109 S.Ct. at 1833. A claim lacks an arguable basis in fact when it describes "fantastic or delusional scenarios." Id., 490 U.S. at 327 - 328, 109 S.Ct. at 1833. A complaint therefore fails to state a claim upon which relief can be granted factually when it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. With these standards in mind, the Court will assess Plaintiff's allegations in view of applicable law.

This Court is required to liberally construe *pro se* documents, holding them to a less stringent standard than those drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S.Ct.

285, 50 L.Ed.2d 251 (1976); Loe v. Armistead, 582 F.2d 1291, 1295 (1978). Liberal construction, however, "does not require courts to construct arguments or theories for a *pro se* plaintiff because this would place a court in the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." Miller v. Jack, 2007 WL 2050409, at * 3 (N.D.W.Va. 2007)(citing Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir.1978)). Further, liberal construction does not require the "courts to conjure up questions never squarely presented to them." Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985). In other words, a court may not construct legal argument for a plaintiff. Small v. Endicott, 998 F.2d 411 (7th Cir.1993). Finally, the requirement of liberal construction does not mean that the Court can ignore a clear failure in the pleadings to allege facts which set forth a claim currently cognizable in a federal district court. Weller v. Department of Social Servs., 901 F.2d 387 (4th Cir.1990)). Where a *pro se* Complaint can be remedied by an amendment, however, the District Court may not dismiss the Complaint with prejudice, but must permit the amendment. Denton v. Hernandez, 504 U.S. 25, 34, 112 S.Ct. 1728, 1734, 118 L.Ed.2d 340 (1992); also see Goode v. Central Va. Legal Aide Society, Inc., 807 F.3d 619 (4th Cir. 2015).

## ANALYSIS

Federal Courts are Courts of limited jurisdiction that are empowered to consider cases authorized by Article III of the United States Constitution and statutes enacted by Congress. Bender v. Williamsport Area School District, 475 U.S. 534, 541, 106 S.Ct. 1326, 1331, 89 L.Ed.2d 501 (1986). Title 28 U.S.C. §§ 1331 and 1332 provide that the Federal Courts have jurisdiction over cases involving federal questions and diversity of citizenship. Title 28 U.S.C. §1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." Title 28 U.S.C. §1332 provides that the District

Courts shall have original jurisdiction of all civil actions where the matter in controversy (1) exceeds the sum or value of $75,000, exclusive of interests or costs, and (2) is between citizens of different states. 28 U.S.C. §1332(a)(1).[2]

In the instant matter, Plaintiff does not allege an appropriate basis for the District Court's jurisdiction. Rule 8(a) of the Federal Rules of Civil Procedures provides that a Plaintiff must plead "a short and plain statement of the grounds for the court's jurisdiction." Fed. R. Civ. P. 8(a)(1); also see Dracos v. Hellenic Lines, Ltd., 762 F.2d 348, 350 (4th Cir. 1985)("plaintiffs must affirmatively plead the jurisdiction of the federal court"), citing McNutt v. General Motors Acceptance Corp., 298 U.S. 178, 189, 56 S.Ct. 780, 785, 80 L.Ed. 1135 (1936). In the instant matter, Plaintiff cites Rules 7 and 42 of the Federal Rules of Civil Procedure and Scholl v. Mnuchin, Case No. 20-cv-05309 (N.D.Cal. Oct. 10, 2020) as the basis for the District Court's jurisdiction. Neither Rule 7 nor Rule 42[3] of the Federal Rules of Civil Procedure provide this Court with jurisdiction or allow for the filing of a "Petition for Specific Performance." Construing Plaintiff's "Petition for Specific Performance" liberally and relying upon his citation of Scholl v. Mnuchin, the undersigned finds that Plaintiff is attempting to proceed under Section 1331 as Plaintiff indicates that Defendants violated federal law. Specifically, Plaintiff appears to argue that Defendants improperly denied him the Economic Impact Payments ("EIPs") or stimulus checks

---

[2] Title 28, U.S.C. §1332 specifically provides:
       (a) The district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between
           (1) citizens of different states;
           (2) citizens of a State and citizens or subjects of a foreign state . . .;
           (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and
           (4) a foreign state, defined in section 1603(a) of this title, as plaintiff and citizens of a State or of different States.

[3] Rule 7 sets forth acceptable pleadings. Fed. R. Civ. P. 7. Rule 42 provides for the consolidation and separation of trials. Fed. R. Civ. P. 42.

that were authorized by the Coronavirus Aid, Relief, and Economic Security Act ("CARES Act"),

26 U.S.C. § 6428(a)(1), the Consolidated Appropriations Act of 2021 ("CAA"), 26 U.S.C. §

6428A(a)(1), and the American Rescue Plan Act ("ARPA"), 26 U.S.C. § 6428B.[4] The CARES

Act provided for a tax credit of $1,200 to eligible individuals. 26 U.S.C. § 6428(a). An "eligible

individual" was defined as "any individual other than - - (1) any nonresident alien individual, (2)

any individual with respect to whom a deduction under section 151 is allowable to another taxpayer

for a taxable year beginning in the calendar year in which the individual's taxable year begins, and

(3) an estate or trust." 26 U.S.C. § 6428(d). The CARES Act provided for payment of an "advance

refund" to be disbursed "as rapidly as possible," but it expressly prohibited any refund or credit

after December 31, 2020. 26 U.S.C. § 6428(f)(2) - (3). On May 6, 2020, the IRS published

responses to "Frequently Asked Questions" on their website stating that incarcerated persons do

*not* qualify for an EIP. See Scholl v. Mnuchin, 489 F.Supp.3d 1008, 1022 (N.D.Cal. Sept. 24,

2020), appeal dismissed, 2020 WL 9073361 (9th Cir. Nov. 20, 2020). On June 18, 2020, the IRS

updated its internal procedures manual to reflect the policy of excluding incarcerated person from

EIP eligibility. Id. Effective December 27, 2020, the CAA provided for a second tax credit of $600

---

[4] To the extent Plaintiff may be attempting to assert a claim under pursuant to Section 1983 or Bivens, the undersigned will briefly consider his claim. Generally speaking, to state and prevail upon a claim under 42 U.S.C. § 1983, a Plaintiff must prove that (1) a person acting under color of State law (2) committed an act which deprived her of an alleged right, privilege or immunity protected by the Constitution or laws of the United States. In the instant case, Plaintiff names the United States and the IRS as Defendants. Neither of the foregoing are state actors. Accordingly, a Section 1983 action would be inappropriate. To the extent Plaintiff may be attempting to assert a *Bivens* claim, such would also be inappropriate. A *Bivens* action is a judicially created damages remedy which is designed to vindicate violations of constitutional rights by federal actors. *See Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*, 403 U.S. 388, 395 -97, 91 S.Ct. 1999, 29 L.Ed.2d 619 (1971). A *Bivens* action is the federal counterpart of an action under 42 U.S.C. § 1983. An action for money damages may be brought against federal agents acting under the color of their authority for injuries caused by their unconstitutional conduct. A plaintiff asserting a claim under *Bivens* must show the violation of a valid constitutional right by a person acting under color of federal law. However, *Bivens* claims are not actionable against the United States, federal agencies, or public officials acting in their official capacities. *See FDIC v. Meyer*, 510 U.S. 471, 475, 484-86, 114 S.Ct. 996, 127 L.Ed. 2d 308 (1994); *Berger v. Pierce*, 933 F.2d 393, 397 (6th Cir. 1991); *Reingold v. Evers*, 187 F.3d 348, 355 n. 7 (4th Cir. 1999). In his Petition, Plaintiff names the United States and the IRS as Defendants. As stated above, the foregoing are improper parties.

that was authorized to be paid as an EIP to eligible individuals. 26 U.S.C. § 6428A(a) – (f). Under the CAA, the Secretary of the Treasury was directed to issue the credit "as rapidly as possible" but no refund or credit was to be made after January 15, 2021. 26 U.S.C. § 6428A(f)(3)(A)(i) - (ii). Effective March 11, 2021, the ARPA provided for a third EIP in the amount of $1,400 to eligible individuals. 26 U.S.C. § 6428B(b). Under the ARPA, the Secretary of the Treasury was similarly directed to issue the credit "as rapidly as possible" but no refund or credit was to be made or allowed after December 31, 2021. 26 U.S.C. § 6428B(g)(3).

In response to the IRS's position that incarcerated individuals were not eligible for the EIPs (or stimulus checks), a group of prisoners filed a class action in the United States District Court for the Northern District of California thereby initiating Scholl v. Mnuchin. In Scholl v. Mnuchin, 489 F.Supp.3d 1008, 1022 (N.D.Cal. Sept. 24, 2020) ("Scholl I"), plaintiffs filed a class action alleging a violation of the CARES Act, the Administrative Procedure Act ("APA"), 5 U.S.C. §§ 701 and 706, and Little Tucker Act, 28 U.S.C. § 1346(a)(2). Scholl I, 489 F.Supp.3d at 1020. The plaintiffs sought to certify a class of all incarcerated individuals across the United States since March 27, 2020 that met the eligibility requirements in the CARES Act. Id. The plaintiffs further requested a preliminary injunction to enjoin officials from the Department of Treasury and the IRS from enforcing the policy of excluding plaintiffs, and proposed class members, from receiving EIPs based on their incarceration status. Id. at 1023. The Court granted plaintiffs' motion for class certification and motion for preliminary injunction. Id. Specifically, the class was certified to include all United States citizens and legal permanent residents who:

    (a)    are or were incarcerated . . . in the United States, or have been held to have violated a condition or parole or probation imposed under federal or state law, at any time from March 27, 2020, to the present;

    (b)    filed a tax return in 2018 and 2019, or were exempt from a filing obligation because they earned an income below $12,000 (or $24,400 if filing jointly) in the respective tax year;

6

(c)    were not claimed as a depend on another person's tax return; and
(d)    filed their taxes with a valid Social Security Number, and, if they claimed qualifying children or filed jointly with another person, those individuals also held a valid Social Security Number.

Id. at 1047. As to the preliminary injunction, the Court enjoined the defendants from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarceration status. Id.

In Scholl v. Mnuchin, 494 F.Supp.3d 661 (N.D.Cal. Oct. 14, 2020) ("Scholl II"), the Court vacated the defendants' policy of withholding EIPs from individuals based solely on their incarceration status after finding that such violated the APA. Scholl II, 494 F.Supp.3d at 669. The Court granted final class certification and a permanent injunction from withholding benefits pursuant to 26 U.S.C. § 6428 from plaintiffs or any class member on the sole basis of their incarceration status. Id. at 693. The Court, however, clarified that "this is not a tax refund action; rather, plaintiffs' claims are grounded in the APA and challenge the IRS's interpretation of the CARES Act and the procedures by which the IRS arrived at is interpretation." Id. at 691. The Court emphasized that it took "no position on whether plaintiffs or class members are in fact owed advance refund payments or the amount of those payments." Id. The Court concluded that "[i]t is incumbent on the IRS, as the agency charged by Congress, to make individual determinations whether an individual is an 'eligible individual' and meets the various criteria delineated in the Act." Id.

Although Plaintiff may be a member of the class certified in Scholl II, Scholl II provides no basis for this Court to find that Plaintiff has a claim for payment against the Defendants. Contrary to Plaintiff's claim, the United States District Court for the Northern District of California did *not* order the IRS to "provide inmates 'stimulus monies' totaling three thousand, four hundred dollars ($3,400.00)." See Carpenter v. Internal Revenue Service, 2023 WL 1805138, * 3 (N.D.

Cal. Feb. 7, 2023)(finding plaintiff was not "entitled to relief to the extent he seeks the court to compel the IRS to provide his EIPs pursuant to *Scholl* or the CARES Act" because the *Scholl* "court was clear that it took no position on whether individual incarcerated plaintiffs were owed the EIP."); Ballard v. U.S. Treasury Dept., 2022 WL 794697, * 4 (E.D.N.C. Jan. 6, 2022), report and recommendation adopted, 2022 WL 785041 (E.D.N.C. March 14, 2022)(finding the "*Scholl* case did not, as Ballard contends, rule that all prisoners were entitled to receive an EIP if a tax return was filed by October 2020; rather, the *Scholl* court found that the defendants' policy of categorically withholding EIPs from individuals solely on the basis of their incarcerated status violated the APA, enjoined defendants from enforcing the policy, and required defendants to reconsider EIPs to eligible incarcerated individuals based on information available to the IRS.") Additionally, neither the CARES Act nor the CAA nor the ARPA provide for a private right of action. See Byers v. Rettig, 2022 WL 3205184, * 4 (W.D.N.C. Aug. 8, 2022)("To the extent that the Plaintiff asks the Court to compel the IRS to provide EIPs, he is not entitled to assert a private cause of action for disbursement of these funds."); Bynoe v. Yellen, 2022 WL 1516592, * 5 (D. Nev. Jan. 5, 2022), report and recommendation adopted, 2022 WL 1014982 (D. Nev. April 5, 2022)("[I]t does not appear that a private cause of action can be maintained under the legislation authorizing the disbursement of these funds. The laws do not indicate that there is a private cause of action for non-receipt of [EIP] funds."); Breton v. Mnuchin of IRS, 2021 WL 5086400, * 3 (D.Conn. Nov. 2, 2021)(finding that the CARES Act does not provide for a private right of action); Puckett v. U.S. Dept. of Treasury Internal Revenue Service, 2021 WL 2550995, * 2 (N.D.Ohio June 22, 2021)("The CARES Act did not establish a private right of action to dispute the IRS's determination of an individual's eligibility for the EIP."); Phelps v. Mnuchin, 2021 WL 2138506, * 4 (N.D. Ind. May 26, 2021)("there is no suggestion there is a private cause of action under the

CARES Act for receipt of specific non-disbursed funds, and '[i]t is not this Court's function to raise up a cause of action where a statute has not created one.'"). Finally, the express terms of the CARES Act, CAA, and ARPA prohibit the distribution of funds after December 31, 2020, January 15, 2021, and December 31, 2021. 26 U.S.C. §§ 6428(f)(3), 6428A(f)(A)(ii), and 6428B(g)(3); also see Byers, 2022 WL 3205184, * at 4 (Since the deadlines set forth in the CARES Act, CAA, and ARPA "have now passed, and no more funds may be issued, the Plaintiff cannot obtain the relief that he requests."); Carpenter, 2023 WL 1805138, * 3(finding that "funds cannot now be distributed pursuant to the CARES Act" because it imposed a deadline of December 31, 2020, for EIPs to be made or allowed); Martinez v. IRS, 2021 WL 5823525, * 3 (N.D.Cal. Dec. 8, 2021)(dismissing case as frivolous where plaintiff sought "to compel the IRS to issue EIPs because the *Scholl* court "took no position on whether individual incarcerated plaintiffs were owed the EIP . . . That responsibility fell to the IRS to make an individual determination. More importantly, funds cannot now be distributed pursuant to the CARES Act."); Breton, 2021 WL 5086400, * at 3 (Even assuming the CARES Act provides a private cause of action, "the issue whether Breton is owed payments is moot. EIPs are no longer available because the CARES act imposed a deadline of December 31, 2020 for payments to be made or allowed. That deadline is now passed, and no more funds may be issued."); Puckett, 2021 WL 2550995, * at 3("[E]ven if there were a private cause of action under the CARES Act, funds cannot now be distributed for the EIP. As noted above, the CARES Act imposed a deadline of December 31, 2020, for EIPs to made or allowed.") Based upon the foregoing, the undersigned respectfully recommends that Plaintiff's above action be dismissed for failure to state a cognizable claim upon which relief can be granted.

## **PROPOSAL AND RECOMMENDATION**

The undersigned therefore respectfully **PROPOSES** that the District Court confirm and

accept the foregoing findings and **RECOMMENDS** that the District Court **DISMISS** Plaintiff's "Petition for Writ of Specific Performance" (Document No. 1), and remove this matter from the Court's docket.

The Plaintiff is hereby notified that this "Proposed Findings and Recommendation" is hereby **FILED**, and a copy will be submitted to the Honorable United States District Judge Irene C. Berger. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Rule 6(d) and 72(b), Federal Rules of Civil Procedure, the Plaintiff shall have fourteen (14) days (filing of objections) and three (3) days (if received by mail) from the date of filing of this Findings and Recommendation within which to file with the Clerk of this Court specific written objections identifying the portions of the Findings and Recommendation to which objection is made and the basis of such objection. Extension of this time period may be granted for good cause.

Failure to file written objections as set forth above shall constitute a waiver of *de novo* review by the District Court and a waiver of appellate review by the Circuit Court of Appeals. Snyder v. Ridenour, 889 F.2d 1363, 1366 (4th Cir. 1989); Thomas v. Arn, 474 U.S. 140, 155 (1985); Wright v. Collins, 766 F.2d 841, 846 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91, 94 (4th Cir. 1984). Copies of such objections shall be served on opposing parties, District Judge Berger and this Magistrate Judge.

The Clerk is requested to send a copy of this Proposed Findings and Recommendation to Plaintiff, who is acting *pro se*.

Date: February 16, 2023.



Omar J. Aboulhosn
United States Magistrate Judge